**DYKEMA GOSSETT LLP**
TAMARA A. BUSH, State Bar No. 197153
 *TBush@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850

**WHEELER TRIGG O'DONNELL LLP**
Andrew M. Unthank (*pro hac vice*)
 *unthank@wtotrial.com*
Michael T. Williams (*pro hac vice*)
 *williams@wtotrial.com*
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879

Attorneys for Defendant
WHIRLPOOL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEBRA GOLDSTEIN, individually and on behalf of all others similarly situated, | Case No.:  2:23-cv-04752-SPG-JC |
| Plaintiff, | Hon. Sherilyn Peace Garnett Courtroom 5C |
| vs. | |
| WHIRLPOOL CORPORATION, a Delaware corporation | Magistrate Jacqueline Chooljian Courtroom 750 |
| Defendant. | CLASS ACTION COMPLAINT |
| | **NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT** |
| | Time of Hearing: 1:30 pm |
| | Date of Hearing: November 8, 2023 |
| | Judge: Hon. Sherilyn Peace Garnett |

MOTION TO DISMISS CLASS ACTION COMPLAINT

1

2    TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3         PLEASE TAKE NOTICE that on November 8, 2023 at 1:30 p.m., or as soon

4    thereafter as the matter may be heard by the Honorable Sherilyn Peace Garnett, in

5    Courtroom 5C of the United States District Court for the Central District of

6    California, located at First Street Courthouse, 350 West 1st Street, Courtroom 5C, Los

7    Angeles, CA 90012 Defendant Whirlpool Corporation will, and hereby does, move

     this Court for an Order dismissing Plaintiff's Class Action Complaint pursuant to Fed.

8    R. Civ. P. 12(b)(1) and (6) on the following grounds, as set forth more fully in the

9    accompanying Memorandum of Points and Authorities:

10        Defendant Whirlpool Corporation ("Whirlpool") hereby moves to dismiss the

11   entirety of Plaintiff's Class Action Complaint (ECF No. 1) pursuant to Federal Rules

12   of Civil Procedure 12(b)(1) for lack of standing and pursuant to Rule 12(b)(6) for

13   failure to state a claim. In support of its motion, Whirlpool relies on is this Notice of

14   Motion and Motion, the accompanying Memorandum of Points and Authorities, the

15   Declaration of Andrew Unthank, and exhibits. This motion is made following the

16   conference of counsel pursuant to Local Rule 7-3. The parties' lead counsel met by

17   videoconference on July 12, 2023, and first discussed the possible arguments

18   Whirlpool might make in its contemplated motion to dismiss, including arguments

19   similar to those raised in Plaintiff's counsel's earlier-filed cases against other

20   manufacturers. The parties' lead counsel met again by telephone on August 4 to

21   further discuss Whirlpool's contemplated motion to dismiss. The parties' lead counsel

22   then continued to exchange emails concerning Whirlpool's motion to dismiss to

23   coordinate the hearing date and briefing schedule.

24

25                                          2

26        MOTION TO DISMISS CLASS ACTION COMPLAINT

1

Dated: August 18, 2023                    WHEELER TRIGG O'DONNELL LLP

2

                                    By: */s/Andrew M. Unthank*

3                                        Andrew M. Unthank (*pro hac vice*)
                                         Michael T. Williams (*pro hac vice*)

4                                        Natalie R. Colao (*pro hac vice forthcoming*)

5                                        DYKEMA GOSSETT LLP

6                                        Tamara A. Bush

7                                        Attorneys for Defendant
                                         WHIRLPOOL CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

26

MOTION TO DISMISS CLASS ACTION COMPLAINT

**DYKEMA GOSSETT LLP**
TAMARA A. BUSH, State Bar No. 197153
 *TBush@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone:   (213) 457-1800
Facsimile:    (213) 457-1850

**WHEELER TRIGG O'DONNELL LLP**
Andrew M. Unthank (*pro hac vice*)
 *unthank@wtotrial.com*
Michael T. Williams (*pro hac vice*)
 *williams@wtotrial.com*
Natalie R. Colao (*pro hac vice forthcoming*)
 *colao@wtotrial.com*
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   (303) 244-1800
Facsimile:    (303) 244-1879

Attorneys for Defendant
WHIRLPOOL CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEBRA GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>WHIRLPOOL CORPORATION, a Delaware corporation<br><br>    Defendant. | Case No.: 2:23-cv-04752-SPG-JC<br><br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>Magistrate Jacqueline Chooljian<br>Courtroom 750<br><br>CLASS ACTION COMPLAINT<br><br>**MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Time of Hearing:  1:30 pm<br><br>Date of Hearing: November 8, 2023<br><br>Judge: Sherilyn Peace Garnett |

MOTION TO DISMISS CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION ................................................................................................... 1

PLAINTIFF'S ALLEGATIONS ............................................................................. 1

ARGUMENT ........................................................................................................... 4

I.     MOTION TO DISMISS STANDARD ....................................................... 4

II.    PLAINTIFF LACKS STANDING ............................................................. 4

      A.   Plaintiff Fails To Allege Any Cognizable Article III Injury .................... 4

      B.   Plaintiff Lacks Standing To Assert Other State Laws .............................. 6

III.   PLAINTIFF'S STATE-LAW CLAIMS ARE PREEMPTED ............................ 7

      A.   The Ninth Circuit Recognizes EPCA's Express Preemption .................... 7

      B.   EPCA Preempts Plaintiff's Attempt To Regulate Natural Gas Use .......... 8

IV.   PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM FAILS ........... 9

      A.   Plaintiff's Gas Stove Was, And Is, Merchantable .................................... 9

      B.   Plaintiff Fails To Allege Any Particular Purpose Whirlpool Knew Of ... 10

V.    PLAINTIFF'S FRAUD CLAIMS ARE INADEQUATE AND BARRED ....... 11

      A.   Plaintiff Fails To Satisfy Rule 9's Heightened Pleading Standard .......... 11

      B.   Plaintiff Fails To Plead That Whirlpool Knew Of The Alleged Defect .. 12

      C.   Plaintiff Has Not Established Whirlpool Had A Duty To Disclose ........ 14

      D.   The Economic Loss Rule Bars Plaintiff's Fraudulent Omission Claim .. 17

      E.   Plaintiff's FAL Claim Cannot Be Based On Omission ........................... 17

VI.   PLAINTIFF'S UCL CLAIM FAILS IN ITS ENTIRETY ............................... 18

VII.  PLAINTIFF'S EQUITABLE RELIEF CLAIMS ARE NOT VIABLE ........... 18

      A.   Adequate Legal Remedies Are Available ............................................... 18

B.   There Is No Real And Immediate Threat Of Repeat Injury ....................20

C.   Plaintiff's Unjust Enrichment Claims Fail................................................21

CONCLUSION.........................................................................................................22

ii

# TABLE OF AUTHORITIES

## CASES

*Ahern v. Apple Inc.*,
  411 F. Supp. 3d 541 (N.D. Cal. 2019) ................................................... 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................ 4

*Barker v. Nestle Purina PetCare Co.*,
  601 F. Supp. 3d 464 (E.D. Mo. 2022) ................................................... 6

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ................................................................ 20

*BCBSM, Inc. v. Walgreen Co.*,
  512 F. Supp. 3d 837 (N.D. Ill. 2021) .................................................... 6

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ................................................................ 10

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015),
  *aff'd*, 717 F. App'x 720 (9th Cir. 2017) ................................................ 5

*Cal. Rest. Ass'n v. City of Berkeley*,
  No. 21-16278, 2023 WL 2962921
  (9th Cir. Apr. 17, 2023) ............................................................... 7, 8, 9

*Canlas v. United States Dep't of the Treasury*,
  No. 20-cv-02470, 2020 WL 6684851
  (N.D. Cal. Nov. 12, 2020) ..................................................................... 4

*Chae v. SLM Corp.*,
  593 F.3d 936 (9th Cir. 2010) ................................................................ 7

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ................................................................................ 4

*Clevenger v. Welch Foods Inc.*,
  No. SACV2001859, 2022 WL 18228288
  (C.D. Cal. Dec. 14, 2022) ..................................................................... 19

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
  No. 16-cv-02941, 2017 WL 86033
  (N.D. Cal. Jan. 10, 2017) ..................................................................... 12

MOTION TO DISMISS CLASS ACTION COMPLAINT

*Collins v. eMachines, Inc.*,
   202 Cal.App.4th 249 (Cal. Ct. App. 2011).............................................................15

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016)..................................................................6

*Elyazidi v. SunTrust Bank*,
   No. CIV.A. DKC 13-2204, 2014 WL 824129
   (D. Md. Feb. 28, 2014), *aff'd*, 780 F.3d 227 (4th Cir. 2015) ..............................6

*Fenerjian v. Nongshim Co., Ltd*,
   72 F. Supp. 3d 1058 (N.D. Cal. 2014).................................................................6

*Franckowiak v. Scenario Cockram USA, Inc.*,
   No. CV-20-8569, 2020 WL 9071697
   (C.D. Cal. Nov. 30, 2020).....................................................................................20

*Goldsmith v. Allergan, Inc.*,
   No. CV 09-7088, 2010 WL 11463630
   (C.D. Cal. Feb. 24, 2010) ......................................................................................11

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
   774 N.E. 2d 1190 (N.Y. 2002) ..............................................................................6

*Gutierrez v. Johnson & Johnson Consumer, Inc.*,
   No. 19-cv-1345, 2020 WL 6106813
   (S.D. Cal. Apr. 27, 2020).......................................................................................15

*Guzman v. Polaris Indus. Inc.*,
   49 F.4th 1308 (9th Cir. 2022) .........................................................................18, 19

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017)...............................................................18

*Hauck v. Advanced Micro Devices, Inc.*,
   No. 18-cv-00447, 2019 WL 1493356
   (N.D. Cal. Apr. 4, 2019) ........................................................................................13

*Herrington v. Johnson & Johnson Consumer Cos., Inc.*,
   No. C 09-1597, 2010 WL 3448531
   (N.D. Cal. Sept. 1, 2010) .........................................................................................5

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018) .....................................................................14, 15, 17

*In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*,
   No. 09-MDL-2007, 2009 WL 9502003

iv

(C.D. Cal. July 6, 2009) ............................................................................. 6

*In re Arris Cable Modem Consumer Litig.*,
2018 WL 288085 (N.D. Cal. Jan. 4, 2018) .............................................. 11

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
483 F. Supp. 3d 838 (C.D. Cal. 2020) ..................................................... 17

*In re MacBook Keyboard Litig.*,
No. 5:18-CV-02813, 2020 WL 6047253,
(N.D. Cal. Oct. 13, 2020) .................................................................. 19, 20

*In re NJOY, Inc. Consumer Class Action Litig.*,
No. 14-00428, 2015 WL 12732461
(C.D. Cal. 2015) ...................................................................................... 15

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
No. 16-cv-06391, 2018 WL 1576457
(N.D. Cal. Mar. 30, 2018) ....................................................................... 13

*Jurgensen v. Felix Storch, Inc.*,
No. 12 Civ. 1201, 2012 WL 2354247
(S.D.N.Y. June 14, 2012) ........................................................................... 8

*Kahn v. FCA US LLC*,
No. 2:19-cv-00127, 2019 WL 3955386
(C.D. Cal. Aug. 2, 2019) .......................................................................... 16

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................. 11

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ..................................................................... 2

*Lusson v. Apple, Inc.*,
No. 16-cv-00705, 2016 WL 10932723
(N.D. Cal. June 20, 2016) ........................................................................ 21

*McGee v. S-L Snacks Nat'l*,
982 F.3d 700 (9th Cir. 2020) ..................................................................... 4

*McKesson HBOC, Inc. v. N.Y.S. Common Ret. Fund, Inc.*,
339 F.3d 1087 (9th Cir. 2003) ................................................................. 21

*Milman v. FCA U.S., LLC*,
No. SACV 18-00686, 2018 WL 5867481
(C.D. Cal. Aug. 30, 2018) ........................................................................ 16

v

*Mocek v. Alfa Leisure, Inc.*,
   114 Cal. App. 4th 402 (Cal. Ct. App. 2003)............................................10

*North American Chemical Co. v. Superior Court*,
   59 Cal.App.4th 764 (1997) .......................................................................17

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)..................................................................................20

*Papasan v. Dometic Corp.*,
   No. 16-CV-02117-HSG, 2017 WL 4865602
   (N.D. Cal. Oct. 27, 2017) ............................................................................5

*Peterson v. Wells Fargo Bank, N.A.*,
   No. 3:20-CV-781, 2022 WL 972415
   (D. Conn. Mar. 31, 2022) ............................................................................6

*Punian v. The Gillette Co.*,
   No. 14-CV-05028, 2016 WL 1029607
   (N.D. Cal. Mar. 15, 2016) .........................................................................10

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .......................................................18, 19, 20

*Sud v. Costco Wholesale Corp.*,
   229 F. Supp. 3d 1075 (N.D. Cal. 2017),
   *aff'd*, 731 F. App'x 719 (9th Cir. 2018) .................................................15

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014).....................................................................................4

*Tietsworth v. Sears, Roebuck & Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010).............................................10, 16

*Troup v. Toyota Motor Corp.*,
   545 Fed. App'x 668 (9th Cir. 2013) .........................................................10

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................11

*Williams v. Yamaha Motor Co. Ltd.*,
   851 F.3d 1015 (9th Cir. 2017) ..................................................................12

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...........................................................15, 16

*Yujin Robot Inc. v. Synet Elecs. Inc.*,

vi

MOTION TO DISMISS CLASS ACTION COMPLAINT

No. CV 14-06237, 2015 WL 12781052
(C.D. Cal. Mar. 16, 2015) ...................................................................21

*Zeller v. Optavia, LLC*,
No. 22-cv-434, 2022 WL 17858032
(S.D. Cal. Dec. 22, 2022) ...................................................................19

**STATUTES**

42 U.S.C. §§ 6291–6309 .............................................................7, 8, 9

Cal. Bus. & Prof. Code §17500 ................................................................17

Cal. U. Com. Code § 2315 ................................................................11

**RULES**

Federal Rule of Civil Procedure 9 .....................................................11, 12, 14

**OTHER AUTHORITIES**

EPA, Report of the Clean Air Scientific Advisory Committee,
Review of the US CPSC Health Effects and Exposure Assessment Documents on
Nitrogen Dioxide (May 9, 1986) ...............................................................2

Gary Wong et. al.,
*Cooking fuels and prevalence of asthma: a global analysis of phase three of the
International Study of Asthma and Allergies in Childhood (ISAAC)*,
1 Lancet Respir. Med. (May 31, 2013) ...........................................................3

Janet Raloff, Cleaner Cooking with Gas,
125 Science News (Jan. 14, 1984)...............................................................9

Nigel Bruce et. al.,
WHO Indoor Air Quality Guidelines: Household Fuel Combustion Review 4:
health effects of household air pollution (HAP) exposure (2014) .....................3, 16

MOTION TO DISMISS CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiff's counsel seeks to hold the entire gas cooking appliance industry liable—with cases against Whirlpool, Bosch and Samsung in this District, and against GE and Wolf elsewhere—based on speculative health risks amplified and misrepresented in the media. None of the sources Plaintiff alleges establishes any causal link between gas stove use and respiratory issues. At best, they show decades-old inconsistency over whether there is even a narrow association between gas stove emissions and childhood asthma.

On this basis, Plaintiff alleges Whirlpool is liable to her and all other gas stove purchasers for not disclosing that products like theirs may present these unproven health risks. She alleges that with such disclosures, she would have paid less for her gas stove or purchased an electric stove instead. She also demands that Whirlpool and other manufacturers redesign their products or provide warnings to reduce gas use overall. But Plaintiff's own allegations, accepted as true, show these demands rest solely on speculation and cannot form the basis of her claims.

For these and the additional reasons that follow—federal preemption among them—Plaintiff's claims must be dismissed.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that around September 2022 she bought a KitchenAid-brand gas stove from Lowe's in Woodland Hills, California. (Comp. ¶ 41.) Plaintiff does not allege that her stove ever malfunctioned or that it operates differently than any other modern gas stove. (*Id.* ¶¶ 41–48.) Plaintiff alleges she has "respiratory issues" and "has been prescribed two inhalers." (*Id.*) She alleges those issues make her "particularly vulnerable to the concentration of $NO_2$ in the home from gas stoves."

1

MOTION TO DISMISS CLASS ACTION COMPLAINT

(*Id.*) She uses her gas stove approximately twice a day for a total of 35-55 minutes thereby exposing herself "to a health-harming concentrating [sic] of pollutants, especially nitrogen dioxide." (*Id.* ¶ 43.)

She does not allege what level of emissions her stove produces or what level she considers safe. She also does not allege her stove caused her respiratory issues or that those issues worsened due to her use. Instead, she focuses specifically on the potential for childhood asthma from nitrogen dioxide ($NO_2$ or NOx) emissions, (*id.* ¶¶ 16-23, 26-28,) and cites no studies concerning other health impacts or unsafe levels of other emissions. None of the sources she does cite are specific to Whirlpool's gas stoves, or even to the modern era of North American gas cooking appliances she sweeps into these industry-wide putative classes.

Setting aside their relevance to the specific products Plaintiff seeks to indict, Plaintiff's sources do not even establish that gas stoves cause adverse health effects. At best, these sources show the degree to which gas stove emissions are even associated with adverse health effects remains unproven. For example, Plaintiff references a Clean Air Scientific Advisory Committee report to the EPA concluding that controlled exposure studies regarding $NO_2$ "have reported ***inconsistent findings*** regarding the health effects of these exposures." *See* EPA, Report of the Clean Air Scientific Advisory Committee, Review of the US CPSC Health Effects and Exposure Assessment Documents on Nitrogen Dioxide, at 5 (May 9, 1986) (Decl. Ex. A, cited at Compl. ¶ 27 n.27) (emphasis added).[1]

---

[1] The sources that Plaintiff hyperlinks to and relies on in the Complaint as the basis for her allegations that gas stoves emissions are harmful to health and unsafe, should be treated as incorporated by reference into the Complaint, because these sources form the basis for Plaintiff's claims. *Khoja v. Orexigen Therapeutics, Inc.,*

MOTION TO DISMISS CLASS ACTION COMPLAINT

Plaintiff further cites a 2014 Report from the World Health Organization where the "main findings" provide that "evidence for a relationship between gas cooking (and indoor $NO_2$) and asthma prevalence or asthma symptoms was ***inconsistent***" and that "the current evidence was ***insufficient to support causality***." Nigel Bruce et. al., WHO Indoor Air Quality Guidelines: Household Fuel Combustion Review 4: health effects of household air pollution (HAP) exposure, at 74 (2014) (Decl. Ex. B, cited at Compl. ¶ 21 n.20) ("WHO Report") (emphasis added).

Sources Plaintiff cites also reference a 2013 study that collected data from "over 500,000 primary and secondary school children" across 47 countries and found "***No evidence of an association between the use of gas as a cooking fuel and either asthma symptoms or asthma diagnosis was reported in either age group***." *See* WHO Report at 29 (discussing Gary Wong et. al., *Cooking fuels and prevalence of asthma: a global analysis of phase three of the International Study of Asthma and Allergies in Childhood (ISAAC)*, 1 Lancet Respir. Med., 386 (May 31, 2013) (Decl. Ex. C)) (emphasis added).

On this basis, Plaintiff asserts that Whirlpool should be held liable for not warning its customers of these unproven and speculative health risks associated with the use of its fully-functioning gas stoves. (Comp. ¶¶ 2, 24-38.)

---

899 F.3d 988, 1002 (9th Cir. 2018). "[I]incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Id.* These sources are attached as exhibits to the Declaration of Andrew Unthank ("Decl.").

MOTION TO DISMISS CLASS ACTION COMPLAINT

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Canlas v. United States Dep't of the Treasury*, No. 20-cv-02470, 2020 WL 6684851, at *1 (N.D. Cal. Nov. 12, 2020).

### II.   PLAINTIFF LACKS STANDING

Plaintiff's claims should be dismissed for lack of standing for two primary reasons. First, Plaintiff fails to plausibly allege that she has suffered an actual or certain injury. Second, Plaintiff lacks standing to bring claims under state statutes that have no connection to this dispute.

### A.   Plaintiff Fails To Allege Any Cognizable Article III Injury

Plaintiff's claims should be dismissed in their entirety because she has not plausibly alleged an injury in fact. "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks and citation omitted). Plaintiff must show "the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *McGee v. S-L Snacks Nat'l,* 982 F.3d 700, 709 (9th Cir. 2020) (*quoting Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). Plaintiff's allegations fall short of this standard and she therefore lacks standing.

4

MOTION TO DISMISS CLASS ACTION COMPLAINT

Plaintiff alleges she overpaid for her gas stove because Whirlpool did not disclose the risk of suffering adverse respiratory effects from NOx emissions. (Compl. ¶¶ 15-23, 43.) Plaintiff does not, however, allege that her stove caused or worsened her own respiratory issues. (*Id.*) Moreover, Plaintiff's own sources show there is ***no scientifically reliable evidence of a causal connection*** between gas range emissions and adverse health impacts. *See supra* pages 4–5. Rather, Plaintiff's sources reflect ***uncertainty regarding whether any association even exists*** between the two. *Id.*

"[W]hen economic loss is predicated solely on how a product functions, and the product has not malfunctioned . . . something more is required than simply alleging an overpayment for a 'defective' product." *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 970 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th Cir. 2017). Federal courts regularly find that conclusory allegations of economic loss that are based on an underlying risk that is itself speculative do not plausibly plead "something more" necessary for standing. *See e.g., Herrington v. Johnson & Johnson Consumer Cos., Inc.*, No. C 09-1597, 2010 WL 3448531, at *4-5 (N.D. Cal. Sept. 1, 2010) (allegation plaintiffs would not have purchased products had they known of potential carcinogens was insufficient for standing absent plausible showing products were unfit for use); *Cahen,* 147 F. Supp. 3d at 970-71 (finding alleged economic injury from purchase of vehicles equipped with technology allegedly susceptible to hacking by third parties was insufficient for standing because "the alleged economic injury rest[ed] solely upon the existence of a speculative risk of future harm") (collecting cases); *Papasan v. Dometic Corp.*, No. 16-CV-02117-HSG, 2017 WL 4865602, at *5–7 (N.D. Cal. Oct. 27, 2017) (finding conclusory allegation that plaintiff overpaid for defective refrigerator did not create standing where "alleged economic injury, as

5

currently pled, rests only upon a speculative risk of future harm" that gas would leak from refrigerator, creating fire hazard).

In sum, Plaintiff lacks standing because she does not allege that her gas range has malfunctioned and her claimed economic injury is premised solely on the speculative and unproven risk of future harm from gas stove emissions.

### B.   Plaintiff Lacks Standing To Assert Other State Laws

Plaintiff lacks standing to assert a claim based on the law of a state where she neither resided nor suffered injury. *Fenerjian v. Nongshim Co., Ltd*, 72 F. Supp. 3d 1058, 1082-83 (N.D. Cal. 2014). "Courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce." *Corcoran v. CVS Health Corp*., 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016) (quoting *In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*, No. 09-MDL-2007, 2009 WL 9502003, at *6 (C.D. Cal. July 6, 2009)) (collecting cases).

Plaintiff is a California resident who purchased her gas stove in California. (Compl. ¶¶ 5, 10, 41, 49.) Plaintiff asserts putative class claims under the laws of five other states: Connecticut, Illinois, Maryland, Missouri, and New York. *(Id.* ¶¶ 55, 116.) Each of those statutes requires that the alleged violation have a substantial connection to the state. *See Peterson v. Wells Fargo Bank, N.A.*, No. 3:20-CV-781, 2022 WL 972415, at *11 (D. Conn. Mar. 31, 2022); *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 856 (N.D. Ill. 2021); *Elyazidi v. SunTrust Bank*, No. CIV.A. DKC 13-2204, 2014 WL 824129, at *8 (D. Md. Feb. 28, 2014), *aff'd*, 780 F.3d 227 (4th Cir. 2015); *Barker v. Nestle Purina PetCare Co*., 601 F. Supp. 3d 464, 469 (E.D. Mo. 2022); *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E. 2d 1190, 1195 (N.Y. 2002). Yet Plaintiff does not allege conduct or events concerning any of those jurisdictions.

MOTION TO DISMISS CLASS ACTION COMPLAINT

1   Nor does Plaintiff allege that Whirlpool has a substantial connection to any of those

2   states, noting that Whirlpool is a "Delaware corporation with a principal place of

3   business in Benton Harbor, Michigan." (Comp. ¶ 7.) Count V, which asserts claims

4   under these other state laws, should therefore be dismissed.

5   **III.   PLAINTIFF'S STATE-LAW CLAIMS ARE PREEMPTED**

6        Plaintiff's claims must also be dismissed because the Energy Policy and

7   Conservation Act ("EPCA") preempts them in that they seek to regulate and reduce

8   natural gas use in kitchen stoves. The EPCA provides a comprehensive approach to

9   federal energy policy, including test procedures, labeling, and energy usage standards

10  for consumer household appliances. *See* 42 U.S.C. §§ 6291–6309. "The Supreme

11  Court has made clear that Congress may indicate its intent to displace state law

12  through express language." *Chae v. SLM Corp.*, 593 F.3d 936, 942 (9th Cir. 2010).

13       **A.   The Ninth Circuit Recognizes EPCA's Express Preemption**

14       EPCA expressly "supersedes any State regulation insofar as such State

15  regulation provides at any time for the disclosure of information with respect to any

16  measure of energy consumption . . . of any covered product" and "no State regulation,

17  or revision thereof, concerning the energy efficiency, energy use, or water use of the

18  covered product shall be effective with respect to such covered product" after the

19  EPCA's enaction. *See* 42 U.S.C. § 6297 (a)-(b). In other words, "once a federal energy

20  conservation standard becomes effective for a covered product, 'no State regulation

21  concerning the energy efficiency, energy use, or water use of such covered product

22  shall be effective with respect to such product,' unless the regulation meets one of

23  several categories not relevant here." *Cal. Rest. Ass'n v. City of Berkeley*, No. 21-

24  16278, 2023 WL 2962921, at *4 (9th Cir. Apr. 17, 2023) (citation omitted). "It is

25

26

7

without dispute" that "State regulation" as defined by EPCA encompasses state laws, regulations, and common law. *See Jurgensen v. Felix Storch, Inc.*, No. 12 Civ. 1201, 2012 WL 2354247, at *2 (S.D.N.Y. June 14, 2012). EPCA defines "energy" to include "fossil fuels," such as natural gas, and "energy use" as "the quantity of energy directly consumed by a consumer product at point of use." 42 U.S.C. § 6291(3)-(4). Covered consumer products includes "kitchen ranges and ovens." *Id.* §§ 6291(1)-(2), 6292(a)(10).

The Ninth Circuit recently found the EPCA preempted a local building code prohibiting the installation of natural gas piping in new buildings in *California Rest. Ass'n v. City of Berkley*, 65 F.4th 1045, 48 (9th Cir. 2023). The Ninth Circuit, focusing on EPCA's plain meaning, held that Congress intended to "expand preemption beyond direct or facial regulations of covered appliances" to include "any state regulation concerning 'energy use' and 'energy efficiency' of the covered product." *Id*. at 1050-54. As the Ninth Circuit explained, this includes state laws that regulate "'the quantity of [natural gas] directly consumed by' certain consumer appliances at the place where those products are used," such as a "total ban" from using natural gas appliances. *Id*. This ruling controls the outcome here.

**B.     EPCA Preempts Plaintiff's Attempt To Regulate Natural Gas Use**

EPCA's preemption provision encompasses all of Plaintiff's state-law claims which, at their core, seek to regulate and reduce the use of natural gas in kitchen ranges and ovens in two ways.

First, Plaintiff alleges Whirlpool must label its stoves with warnings that the products' use of natural gas is unsafe. The obvious effect of which is to regulate and substantially reduce natural gas use in covered products by encouraging consumers

MOTION TO DISMISS CLASS ACTION COMPLAINT

1  to choose an electric option or to limit their gas use. (*See* Comp. ¶¶ 33-34, 48, 77, 83.)

2  Second, Plaintiff alleges that to avoid liability, Whirlpool must use "alternative

3  gas stove designs" to reduce emissions, but does not plausibly allege that it is

4  currently feasible to reduce emissions except by reducing consumption of natural gas

5  and increasing efficiency. (*Id.* ¶¶ 30, 35, 48.) For example, Plaintiff alleges Whirlpool

6  could have used a "flame insert" to cut NOx emissions, but ignores that her own

7  source explained that this experimental technique of ***reducing NOx emissions***

8  ***significantly increased carbon monoxide ("CO") emissions*** and was not yet tested

9  for durability or cleanability—making this not a viable option for lowering emissions.

10  *See* Janet Raloff, Cleaner Cooking with Gas, 125 Science News, 28, 28 (Jan. 14,

11  1984) (Decl. Ex. D , quoted at Compl. ¶ 30 n.31).

12  Alternatively, Plaintiff alleges Whirlpool should have adopted experimental

13  "powered infrared gas-range burner" technology that "emitted 40% less nitrogen

14  oxides" by "consum[ing] about ***40% less natural gas*** to reach cooking temperatures."

15  (Compl. ¶ 30 (emphasis added).) She alleges no other options. In short, Plaintiff seeks

16  to use state laws to force the manufacturers of covered gas appliances, like Whirlpool,

17  to reduce emissions by redesigning the appliances to reduce "the quantity of energy

18  [(*i.e.*, natural gas)] directly consumed by a [range] at point of use." 42 U.S.C. §

19  6291(4). Such claims "wade[] into a domain preempted by Congress" and must be

20  dismissed. *Cal. Rest. Ass'n*, 65 F.4th at 1048.

21  **IV.   PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM FAILS**

22  **A.   Plaintiff's Gas Stove Was, And Is, Merchantable**

23  Plaintiff's implied warranty claims fail because she alleges no facts showing

24  that her stove was unmerchantable. To show unmerchantability, a plaintiff must allege

25

26

9

a defect so severe that it "drastically undermine[s] the ordinary operation of the [product]." *Troup v. Toyota Motor Corp.*, 545 Fed. App'x 668, 669 (9th Cir. 2013); *see also Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010). "[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (Cal. Ct. App. 2003).

Plaintiff alleges that "the only intended use for Defendant's Products is for cooking inside the home" but that the alleged "defect" rendered the stove "unfit" for cooking. (Compl. ¶¶ 14, 127.) Plaintiff has not, however, alleged that her stove failed to perform as intended, or at all, or even that she has stopped using her stove. The authorities she cites concerning the uncertainty around the health effects of gas stoves certainly do not "***drastically undermine the ordinary operation***" of her stove as the law requires. *Troup*, 545 Fed. App'x at 669 (emphasis added). This is fatal to both Plaintiff's U.C.C. and Song-Beverly Act claims for breach of implied warranty of merchantability (Counts IV and VI). *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009) (explaining Song-Beverly Act and U.C.C. apply same standard to warranty claims).

**B.    Plaintiff Fails To Allege Any Particular Purpose Whirlpool Knew Of**

Plaintiff's claims for breach of implied warranty of fitness for a particular purpose also fail for two reasons. First, Plaintiff alleges no special use or purpose for her stove besides its ordinary purpose, basic home cooking. (*Compare* Compl. ¶ 132 *with* ¶ 41). "To state a claim, Plaintiff's particular purpose must differ from the ordinary purpose for [the product]." *Punian v. The Gillette Co.*, No. 14-CV-05028, 2016 WL 1029607, at *18 (N.D. Cal. Mar. 15, 2016). *Accord Goldsmith v. Allergan, Inc.*,

10

No. CV 09-7088, 2010 WL 11463630, at *34 (C.D. Cal. Feb. 24, 2010). Second, Plaintiff does not allege that Whirlpool had reason to know of her special purpose nor her reliance on Whirlpool to select suitable goods for this purpose. *See Goldsmith*, 2010 WL 11463630 at *3; Cal. U. Com. Code, § 2315.

## V.  <u>PLAINTIFF'S FRAUD CLAIMS ARE INADEQUATE AND BARRED</u>

Plaintiff alleges fraud-based claims for violations of the UCL, FAL, CLRA, state consumer protection statutes, and common law fraudulent omission (Counts I-III, V, and VII). Plaintiff's fraud claims fail for the following reasons: (1) her allegations do not satisfy Federal Rule of Civil Procedure 9; (2) she has not shown Whirlpool was aware of the alleged defect or (3) has a duty to disclose the allegedly omitted information; (4) the economic loss rule bars fraudulent omissions; and (5) FAL claims cannot be based on omissions.

### A.  **Plaintiff Fails To Satisfy Rule 9's Heightened Pleading Standard**

Rule 9(b) applies to all claims that are "grounded" in or "sound in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The above claims are grounded in allegations that Whirlpool intentionally misled consumers by selling products with a known, concealed defect and are thus subject to Rule 9(b). (*See* Compl. ¶¶ 34, 35, 68, 77, 83, 95, 115, 141, 143); *see e.g., In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018) (applying Rule 9(b) to UCL, CLRA, and FAL claims based on alleged concealment of a product defect).

Plaintiff must therefore allege ***with particularity*** the time, place, and content of Whirlpool's alleged misrepresentations or omissions, along with facts demonstrating her reliance. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). But despite vague allegations of "misrepresentations and omissions," (Compl. ¶¶ 79,

85, 119), Plaintiff fails to identify *any* affirmative representation or misrepresentation by Whirlpool about the stove's safety or emissions, let alone when and where she saw the statement to support reliance. Similarly, Plaintiff alleges Whirlpool actively concealed the defect, (Compl. ¶¶ 34–35), without identifying any affirmative actions on Whirlpool's part, let alone who took the action and when. Such conclusory allegations do not satisfy Rule 8, let alone Rule 9(b).

### B.    Plaintiff Fails To Plead That Whirlpool Knew Of The Alleged Defect

To state a claim for failing to disclose a defect, Plaintiff must plausibly allege the manufacturer knew of the defect at the time of sale, *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017). Plaintiff asserts that Whirlpool was "aware of the fact that its [p]roducts emit harmful pollutants" and "that use of gas stoves increases the rates of respiratory illness," because Whirlpool "monitors and keeps track of research on the health effects of its products. This is diligence that large companies like Defendant routinely do when selling a consumer product." (Comp. ¶ 29.) But this conclusory statement does not satisfy the Rule 9(b) pleading standard nor even Rule 8's relaxed standard.

First, Plaintiff alleges no facts showing what health effects Whirlpool tracks, how it does so, what sources it tracks, what it supposedly learned from tracking, or when. Plaintiff cannot base a fraud claim on the assumption that Whirlpool was aware of third-party sources. *See e.g., Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-cv-02941, 2017 WL 86033, at *9 (N.D. Cal. Jan. 10, 2017) (rejecting reliance on complaints on third-party website to show knowledge). This is especially true where, as here, none of the research references Whirlpool, its particular products, or any of Whirlpool's testing of those products. *See e.g., Hauck v. Advanced Micro*

MOTION TO DISMISS CLASS ACTION COMPLAINT

*Devices, Inc.*, No. 18-cv-00447, 2019 WL 1493356, at *12 (N.D. Cal. Apr. 4, 2019) (dismissing omission claims because "vague, sweeping statements about industry research" regarding security risks for microchips did not show defendant's pre-sale knowledge of risk in its own microchips); *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 565–66 (N.D. Cal. 2019) (holding that "even under Rule 8's relaxed pleading standard," allegations based on industry research and knowledge where plaintiff identified no statement from defendant showing its awareness of the issue and applicability to its products).

Second, the majority of articles Plaintiff cites were published after she purchased her stove in September 2022. (Compl. ¶ 41.). Therefore, she cannot rely upon those articles to demonstrate Whirlpool knew of the alleged defect at the time of the sale. (*Id.* ¶ 1 n.1-3, ¶15 n.6-7, ¶16 n.9, ¶17 n.11, ¶18 n.14, 17, ¶25 n.24, ¶26 n.25–26, ¶28, n.28, ¶30 n.29–30 (citing articles published after Plaintiff's purchase)); *see, e.g.*, *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391, 2018 WL 1576457, at *3 (N.D. Cal. Mar. 30, 2018) (online reports that post-dated Plaintiff's purchases cannot establish knowledge).

Third, even assuming Whirlpool had analyzing the sources identified in the Complaint that were published before Plaintiff's purchase, these would not establish Whirlpool's knowledge of a defect in its own gas ovens that presented a specific health risk. Rather, these sources discuss ongoing and inconclusive research surrounding potential health risks of the byproducts of gas combustion. See *supra* pages 3-4 (showing that sources incorporated into Complaint recognize evidence of emissions risk does not show causation and is inconsistent in showing any association).

1

2        Plaintiff's allegation suggests that every manufacturer must monitor each and

3   every article published that ***might be*** relevant to the health or safety of its products

4   regardless of whether the publication actually mentions or references its products.

5   And, even further, that when those publications conflict with one another, as with the

6   studies on gas stove emissions, the manufacturer must either warn consumers about

7   hypothetical and uncertain risks or warn consumers of the existence of debate about

8   potential risks. Such a requirement finds no support in the law and would result in

9   confusing and contradicting product disclosures.

10       Because Plaintiff has failed to adequately plead any of the requirements for

11  fraud-based claims under Rule 9(b) these causes of actions should be dismissed.

12       **C.      Plaintiff Has Not Established Whirlpool Had A Duty To Disclose**

13       Additionally, even assuming Plaintiff adequately alleged pre-sale knowledge,

14  Plaintiff's claims fail because she has not shown that Whirlpool had any duty to

15  disclose the allegedly omitted information. "Omissions may be the basis of claims

16  under California consumer protection laws, but to be actionable the omission must be

17  contrary to a representation actually made by the defendant, or an omission of a fact

18  the defendant was obliged to disclose." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th

19  Cir. 2018) (internal quotation marks and citation omitted).

20       As relevant here, the following can give rise to a duty to disclose under

21  California law: "when the defendant has exclusive knowledge of material facts not

22  known or reasonably accessible to the plaintiff; … when the defendant actively

23  conceals a material fact from the plaintiff; and … when the defendant makes partial

24  representations that are misleading because some other material fact has not been

25

26

MOTION TO DISMISS CLASS ACTION COMPLAINT

disclosed." *Hodsdon*, 891 F.3d at 862 (quoting *Collins v. eMachines, Inc.*, 202 Cal.App.4th 249, 134 (Cal. Ct. App. 2011). In addition, for the omission of an alleged product defect to be "material," plaintiff must plausibly allege it "caused an unreasonable safety hazard." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1142–43 (9th Cir. 2012)). Plaintiff has not plausibly pled any of these.

**No exclusive knowledge**. Plaintiff cannot demonstrate that Whirlpool had exclusive knowledge, because she relies entirely upon public reports to support her gas emissions theories. (*See* Compl. ¶¶ 15–30); *see, e.g.*, *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1087 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 719 (9th Cir. 2018) (dismissing omission claim where complaint's own allegations showed information was publicly available); *In re NJOY, Inc. Consumer Class Action Litig.*, No. 14-00428, 2015 WL 12732461, at *16 (C.D. Cal. 2015) (plaintiffs' reliance on publicly-available FDA study regarding toxins in e-cigarettes undermined claim of exclusive knowledge) (collecting cases); *Gutierrez v. Johnson & Johnson Consumer, Inc.*, No. 19-cv-1345, 2020 WL 6106813, at *5 (S.D. Cal. Apr. 27, 2020) (rejecting duty based on exclusive knowledge where "Plaintiffs had access to numerous publicly available scientific publications and other widely disseminated articles . . . regarding the presence of contaminants in talc products.").

**No active concealment**. The Complaint is devoid of any facts to support her conclusory statement that Whirlpool actively concealed any facts from the public. (*See* Compl. ¶¶ 34–35 (stating, without any supporting allegations, that "Defendant knew of the defect, but actively concealed it," and "Defendant actively concealed the defect from consumers by failing to disclose it.").) "To state a claim for active concealment, [a] plaintiff[] must plead more than an omission; rather, [she] must

plead affirmative acts of concealment; e.g., that the defendant sought to suppress information in the public domain or obscure the consumers' ability to discover it." *Milman v. FCA U.S., LLC*, No. SACV 18-00686, 2018 WL 5867481, at *11 (C.D. Cal. Aug. 30, 2018) (internal quotation marks and citation omitted). "[M]erely failing to disclose a known defect is insufficient to amount to affirmative acts of concealment necessary to establish a duty to disclose." *Kahn v. FCA US LLC*, No. 2:19-cv-00127, 2019 WL 3955386, at *5 (C.D. Cal. Aug. 2, 2019).

**No misrepresentations**. Plaintiff alleges Whirlpool made partial representations that are misleading because it warned about "other" dangers, such as fire and tipping risks, without warning about risks related to gas emissions. (*See e.g.*, Compl. ¶¶ 35-36.) Those other warnings in no way relate to emissions or air quality, however, and therefore do not qualify as a partial representation that would mislead consumers about the alleged defect. *See Tietsworth,* 2009 WL 3320486, at *4 (finding statements unrelated to alleged defect were not partial representations giving rise to duty to disclose).

**No unreasonable safety hazard**. Plaintiff's omission claim fails for the independent reason that she has not plausibly alleged an unreasonable safety hazard as required to establish a duty to disclose. *See Wilson*, 668 F.3d at 1142–43; s*ee supra* pages 1–4 and § II.A. Plaintiff's own sources provide that "evidence for a relationship between gas cooking (and indoor NO2) and asthma prevalence or asthma symptoms was ***inconsistent***" and that "the current evidence was ***insufficient to support causality***." WHO Report (Decl. Ex. B  at 76, cited at Compl. ¶ 21 n.20) (emphasis added). This is far from the "unreasonable safety hazard" required to establish a duty to disclose here.

MOTION TO DISMISS CLASS ACTION COMPLAINT

### D.    The Economic Loss Rule Bars Plaintiff's Fraudulent Omission Claim

Plaintiff's fraudulent omission claim also fails under the economic loss rule, which "bar[s] a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of *physical harm* (i.e., personal injury or property damage)." *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 848 (C.D. Cal. 2020) (quoting *North American Chemical Co. v. Superior Court*, 59 Cal.App.4th 764, 777 (1997)). Here, Plaintiff alleges a speculative health risk, but does not allege any physical injury or property damage. Her fraudulent omission claim should therefore be dismissed. *See id.* at 850 n.5 (collecting cases applying rule to fraudulent omission claims).

### E.    Plaintiff's FAL Claim Cannot Be Based On Omission

The Court should also dismiss Plaintiff's FAL claims because they are improperly based on Whirlpool's alleged omission, not any affirmative statement. California's FAL prohibits "*mak[ing] or disseminat[ing] . . . any statement . . .* which is untrue or misleading, and which is known, or by the exercise of reasonable care should be known, to be untrue or misleading . . . " Cal. Bus. & Prof. Code §17500 (emphasis added). Because the FAL regulates the making or disseminating of a statement, courts commonly hold that a plaintiff asserting that a company omitted a purportedly material fact in its advertisements or labeling has not stated a claim under the FAL. *Hodsdon v. Mars, Inc.,* 162 F. Supp. 3d 1016, 1023 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ("When the crux of a plaintiff's FAL claim is that the defendant did not make any statement at all about a subject, then a claim under the FAL may not advance"). The same result should follow here.

## VI.   PLAINTIFF'S UCL CLAIM FAILS IN ITS ENTIRETY

Plaintiff asserts UCL claims under the fraudulent, unlawful, and unfair prongs. (Compl. ¶¶ 68-75.) Plaintiff's failure to plausibly allege that Whirlpool acted fraudulently, (*see* Section V), is fatal to both her fraud and unfair prong claims. *See Hadley v. Kellogg Sales Co.,* 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017). In addition, the failure of Plaintiff's CLRA, FAL, and Song-Beverly Act claims, (*see* Sections IV and V), is fatal to her UCL unlawful prong claim. *Id.* at 1094 (UCL unlawful claim fails if plaintiff "cannot state a claim under the predicate law").

## VII.   PLAINTIFF'S EQUITABLE RELIEF CLAIMS ARE NOT VIABLE

### A.   Adequate Legal Remedies Are Available

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313–14 (9th Cir. 2022) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020)). Federal courts are bound by this requirement even if state law authorizes equitable relief without showing the inadequacy of legal remedies. *Sonner*, 971 F.3d at 841.

**Damages are available**. Plaintiff's claims for equitable relief must be dismissed because Plaintiff fails to plausibly allege she has no adequate legal remedy. Plaintiff seeks monetary damages based on alleged overpayment for the same purported conduct underlying her equitable claims. (*See* Comp. ¶¶ 99-101 (seeking damages and injunctive relief under CLRA); 113-14 (seeking damages and other equitable relief under Song-Beverly Act), 138 & 145 (seeking damages for breach of warranty).) Thus, Plaintiff's own allegations reveal that adequate legal remedies are

18

available to her, depriving this court of equity jurisdiction. *See Sonner,* 971 F.3d at 840–41, 844 (upholding dismissal of UCL and CLRA claims for restitution because CLRA damages, which plaintiff could have, but did not, seek were an adequate legal remedy); *Guzman*, 49 F.4th at 1313 (dismissing UCL claim because CLRA claim for damages provided adequate legal remedy, even if time-barred); *In re MacBook Keyboard Litig.,* No. 5:18-CV-02813, 2020 WL 6047253, at *3–4 (N.D. Cal. Oct. 13, 2020) (dismissing CLRA and UCL claims for injunctive relief because damages provide adequate legal remedy for alleged overpayment based on product defect) (collecting cases).

**No efficiency in equity**. Plaintiff asserts she has "no adequate remedy at law" because her legal claims are "uncertain" and "not equally prompt or otherwise efficient." Comp. ¶¶ 50-53. But post-*Sonner*, courts in this Circuit have repeatedly rejected similar arguments. *See, e.g.*, *Clevenger v. Welch Foods Inc.,* No. SACV2001859, 2022 WL 18228288, at *5–6 (C.D. Cal. Dec. 14, 2022) ("[Plaintiffs] argue that achieving an award of the full purchase price under the UCL would be simpler than achieving an award of the full purchase price in damages under the CLRA. But . . . the fact that one remedy may be simpler or easier to obtain does not demonstrate that Plaintiffs lack an adequate remedy at law.") (dismissing UCL claim and denying leave to amend as futile because plaintiff could not possibly plead that legal remedy was inadequate); *Zeller v. Optavia, LLC*, No. 22-cv-434, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) ("Plaintiffs' arguments that equitable claims … are easier to prove does not make their equitable claims proper.").

**No alternative**. Plaintiff likewise cannot avoid the dismissal of equitable claims by pleading in the alternative. *See e.g., Clevenger,* 2022 WL 18228288 at *4

19

1   (collecting cases finding that equitable claims cannot be pled in alternative post-

2   *Sonner*); *Franckowiak v. Scenario Cockram USA, Inc.,* No. CV-20-8569, 2020 WL

3   9071697, at *3 (C.D. Cal. Nov. 30, 2020) (rejecting argument that UCL claims could

4   be plead in alternative to labor code violations because latter claims provided

5   adequate legal remedy regardless of whether they provide the same relief); *see also*

6   *In re Macbook Keyboard Litig.,* No. 5:18-cv-02813, 2020 WL 6047253 at *2 (N.D.

7   Cal. Oct. 13, 2020) ("The question is not whether or when Plaintiffs are required to

8   choose between two available inconsistent remedies, it is whether equitable remedies

9   are available to Plaintiffs at all . . and that question is not premature on a motion to

10  dismiss.").

11       Plaintiff's UCL, FAL, and unjust enrichment claims and request for injunctive

12  relief are purely equitable. Because Plaintiff has not plausibly alleged the inadequacy

13  of legal remedies, this court lacks equitable jurisdiction, and should dismiss these

14  claims in their entirety. The Court should further dismiss the CLRA claim to the

15  extent it seeks restitution or injunctive relief.

16       **B.   There Is No Real And Immediate Threat Of Repeat Injury**

17       To obtain injunctive relief, Plaintiff must also allege "concrete and

18  particularized legal harm, coupled with a sufficient likelihood that [she] will again be

19  wronged in a similar way." *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985–86

20  (9th Cir. 2007) (quotations omitted). "As to the second inquiry, [Plaintiff] must

21  establish a 'real and immediate threat of repeated injury.'" *Id.* (quoting *O'Shea v.*

22  *Littleton,* 414 U.S. 488, 496 (1974)).

23       Plaintiff's allegation that she "would purchase Defendant's Products in the

24  future if the Product was redesigned to avoid emitting harmful pollutants," (Compl.

25

26  MOTION TO DISMISS CLASS ACTION COMPLAINT

¶ 48), does not show a real and immediate threat of repeat injury. Plaintiff is now aware that all gas stoves produce gas combustion emissions, that electric ranges do not, and that inconsistent and inconclusive information about the health risks of emissions is publicly available. She also alleges she is in the care of a healthcare professional who has prescribed her two inhalers for her respiratory issues. (*Id.* ¶ 43.) It is thus not plausible that the absence of emissions warnings on gas ranges in the future will mislead Plaintiff or prevent her from shopping for an alternative. The Court should therefore dismiss Plaintiff's request for injunctive relief.

### C.   Plaintiff's Unjust Enrichment Claims Fail

In California, unjust enrichment claims sound in quasi-contract, and when an unjust enrichment claim mirrors other statutory or tort claims, it rises or falls with the "underlying, substantive claims." *See Lusson v. Apple, Inc.*, No. 16-cv-00705, 2016 WL 10932723, at *3 (N.D. Cal. June 20, 2016). It "is an equitable rather than a legal claim." *McKesson HBOC, Inc. v. N.Y.S. Common Ret. Fund, Inc.,* 339 F.3d 1087, 1091 (9th Cir. 2003). It is not a stand-alone action. *See Yujin Robot Inc. v. Synet Elecs. Inc.*, No. CV 14-06237, 2015 WL 12781052, at *5 (C.D. Cal. Mar. 16, 2015). Plaintiff's unjust enrichment claim fails because she has an adequate legal remedy. (*See* Section VII.A.) In addition, Plaintiff's unjust enrichment claim fails because it is predicated on the same theory as her failed fraud-based claims. (*See* Section V.) *See Lusson*, 2016 WL 10932723, at *3 (finding that plaintiff's unjust enrichment claim "fall[s] with" her deficient underlying claims).

* * *

MOTION TO DISMISS CLASS ACTION COMPLAINT

1

## <u>CONCLUSION</u>

2

For the foregoing reasons, Whirlpool respectfully requests that this court

3

dismiss Plaintiff's Complaint in its entirety.

4

Dated: August 18, 2023                    WHEELER TRIGG O'DONNELL LLP

5

6

By: */s/Andrew M. Unthank*

7

Andrew M. Unthank (*pro hac vice*)
Michael T. Williams (*pro hac vice*)
Natalie R. Colao (*pro hac vice forthcoming*)

8

DYKEMA GOSSETT LLP

9

Tamara A. Bush

10

Attorneys for Defendant
WHIRLPOOL CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS CLASS ACTION COMPLAINT

1

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

2

3      I hereby certify that on August 18, 2023, I electronically filed the foregoing

4      with the Clerk of Court using the CM/ECF system which will send notification of

5      such filing to all counsel of record.

6

7                              By: */s/Andrew M. Unthank*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                              1
                         CERTIFICATE OF SERVICE

26

1

## **CERTIFICATE OF COMPLIANCE**

2     The undersigned, counsel of record for Defendant Whirlpool certifies that this

3 brief contains 6,086 words, which

4     X  complies with the word limit of L.R. 11-6.1.

5     __ complies with the word limit set by court order dated [date]."

6

7     Dated: August 18, 2023

8     By: */s/ Andrew M. Unthank*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                    CERTIFICATE OF COMPLIANCE

26