# EXHIBIT 1

```
 1                  UNITED STATES DISTRICT COURT
 2                 NORTHERN DISTRICT OF CALIFORNIA
 3   Before The Honorable Araceli Martinez-Olguin, District Judge
 4
 5  DRAKE,                          )
                                    )
 6           Plaintiff,             )
                                    )
 7  vs.                             )   No. C 23-00939-AMO
                                    )
 8  HAIER US APPLIANCE SOLUTIONS,   )
    INC.,                           )
 9                                  )
             Defendant.             )
10  _____)
11
                                        San Francisco, California
12                                      Wednesday, February 5, 2025
13
      TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
14                 RECORDING 10:29 -    = 4 MINUTES
15  APPEARANCES:
16  For Plaintiff:
                                        Dovel and Luner, LLP
17                                      201 Santa Monica Boulevard
                                        Suite 600
18                                      Santa Monica, California 90401
                                    BY: GABRIEL Z. DOBLE, ESQ.
19  For Defendant:
                                        Greenberg Traurig, LLP
20                                      1840 Century Park East
                                        Suite 1900
21                                      Los Angeles, California 90067
                                    BY: MICHAEL E. MCCARTHY, ESQ.
22
23  Transcribed by:                     Echo Reporting, Inc.
                                        Contracted Court Reporter/
24                                      Transcriber
                                        echoreporting@yahoo.com
25
```

*Echo Reporting, Inc.*

```
                                                                    2
 1  Wednesday, February 5, 2025                              11:05 a.m.
 2                       P-R-O-C-E-E-D-I-N-G-S
 3                              --oOo--
 4          THE CLERK:  Calling case number 23-939, Drake
 5  v. Haier US Appliance Solutions Incorporated.
 6      Counsel, please state your appearances for the record,
 7  starting with the Plaintiff.
 8          MR. DOBLE (via Zoom):  Good morning.  This is
 9  Gabriel Doble on behalf of the Plaintiff, Charles Drake.
10          MR. MCCARTHY (via Zoom):  Good morning, your
11  Honor.  This is Michael McCarthy on behalf of the Defendant,
12  Haier US Appliance Solutions, Inc. doing business as GE
13  Appliances.
14          THE COURT:  Good morning, Counsel.  So, we're here
15  on Defendant's motion to dismiss.  Well, this is not an
16  instance where I have questions for you all.  I essentially
17  brought you on to give you my ruling and to talk with you
18  all a little bit about next steps.
19      So, as you know, the Court previously granted in part
20  and denied in part Defendant Haier's motion to dismiss the
21  original complaint.  In significant part, the Court
22  dismissed Plaintiff Drake's claims under California Consumer
23  Protection statutes because they were derivative of an
24  unspoken Proposition 65 violation, which required pre-notice
25  suit that Drake had not satisfied.
```

1       Relevant today, the Court deny (sic) dismissal of
2  Drake's claim for breach of the implied warranty of
3  merchantability, and I granted dismissal of Drake's claim
4  for breach of implied warranty, pursuant to California Song-
5  Beverly Consumer Warranty Act with leave to amend.
6       In the first amended complaint, Drake limits himself to
7  the two breach of implied warranty claims.  One under Song-
8  Beverly act and the other under the UCC.  Haier moves to
9  dismiss the first amended complaint in full.
10      The first set of Haier's arguments are easily resolved.
11 The Court already determined that Drake's sufficiently
12 alleged unmerchantability under the UCC.  That was in my
13 order at page 13.  I find that the amended complaint
14 supports a claim under the Song-Beverly Act because Drake
15 has sufficiently pleaded that his gas stove is unfit for
16 ordinary use.
17      Turning to Haier's Prop 65 argument.  I already
18 determined that Prop 65 compliance was required for those
19 fraud-based claims premised on a failure to warm (sic) --
20 warn -- excuse me -- but Proposition 65 compliance did not
21 interfere with Drake's implied warranty claims.  That was
22 also in my order denying my motion for reconsideration.  So,
23 Prop 65 does not provide a basis for dismissing those claims
24 now.
25      I find these two claims are sufficiently pleaded in the

4

1 amended complaint and they will move forward.  Haier moves
2 to dismiss Drake's request for injunctive relief because he
3 lacks standing where he does not state an intent to purchase
4 another gas stove in the future.  Drake responds by relying
5 on <u>Davidson v. Kimberly-Clark Corporation</u>, a false
6 advertising case supporting injunctive relief.  And you
7 argue that he -- that your client will purchase another
8 stove in the future if the product is redesigned.  However,
9 your reliance on <u>Davidson</u> is unhelpful, as Drake is no
10 longer proceeding on a theory of false advertising.  So,
11 Drake's false advertising based request for injunctive
12 relief cannot stand and will be dismissed.
13      Finally, Haier moves to strike Drake's allegations
14 related to representation of a nationwide class of Haier
15 customers.  As the Ninth Circuit has made clear, any putative
16 class members implied warranty of merchantability claims are
17 governed by the laws of their home states.  The <u>Mazza</u> court
18 held the district court erred by concluding that California
19 law could apply to a nationwide class.
20      Further, several California district courts have
21 determined that there are material differences between
22 California Warranty Law and all the other states warranties
23 laws, as to various elements, including privity, reliance and
24 notice, rendering nationwide representation on such claims
25 inappropriate.

5

1     Moreover, the Song-Beverly Act limits the application
2 of its implied warranty of merchantability to retail goods
3 sold in the state of California.
4     Based on the incompatability of a nationwide class and
5 California Warranty Law, the Court strikes the nationwide
6 class allegation and otherwise limits straight to putative
7 class to California consumers.
8     So, to recap, Counsel.  Both of Drake's causes of
9 action will move forward, but Drake may not pursue injunctive
10 relief under a theory of implied warranty of merchantability
11 and Drake may not pursue relief for customers beyond those
12 who purchased Defendant's stoves in California.
13     Defendant's answer is due in 21 days.  That's February
14 26th.  I'm setting you for an initial case management
15 conference on Thursday, April 3rd at 10:00 a.m.  Your initial
16 case management statement will be due noon the Thursday
17 before.  That's March 27th.
18     Let's keep you all moving.  So, yeah, I will see you
19 all for your initial case management conference.  Move it
20 along, folks.  This is where we are at this point.  I -- to
21 the extent that I'm having to tell you all what I told you in
22 my first order on the motion to dismiss, you're wasting my
23 time.  You're wasting each other's time and you're violation
24 Rule 1 of the Federal Rules.  So, let's move it along.  I
25 will wait for more submissions from you all.

```
                                                                6
 1      Counsel, good day.
 2      (Proceedings adjourned at 10:34 a.m.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    7
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4 transcript, to the best of my ability, of the above pages of
 5 the official electronic sound recording provided to me by the
 6 U.S. District Court, Northern District of California, of the
 7 proceedings taken on the date and time previously stated in
 8 the above matter.
 9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14
15              [signature]
16
17            Echo Reporting, Inc., Transcriber
18                Monday, February 10, 2025
19
20
21
22
23
24
25
```